Wilkins, Circuit Judge, concurring:
 

 I write separately to note my view that, although we find that the District Court erred when it granted partial summary judgment on the claim that Hill was denied the reasonable accommodation of a classroom aide, it is not absolutely clear that the proper remedy is to remand for trial.
 

 As stated above, Hill's complaint alleged a single cause of action for failure to accommodate, asserting that ARE failed to accommodate his request to be placed on a lower floor
 
 and
 
 that ARE failed to accommodate his request for a teacher's aide. While the District Court granted summary judgment as to the teacher aide theory, it nonetheless gave Hill wide latitude during the trial to present evidence and argument to the jury about the failure to provide an aide. Hill, proceeding
 
 pro se
 
 , complained in both opening statement and closing argument about being placed on the third floor "with no assistance." Transcript of Plaintiff Opening Trial Statement at 3,
 
 Hill v. Associates for Renewal in Educ.
 
 , No. 12-cv-823 (D.D.C. 2015), ECF No. 95; Transcript of Jury Trial at 669, ECF No. 104. Hill also introduced testimony about the duties that aides provide,
 

 id.
 

 at 95-96
 
 , ECF No. 101, and suggesting that every teacher had an aide other than him during the 2007-2008 school year,
 
 id.
 
 at 288, 293, 318-19, 367-68, ECF No. 102;
 
 id.
 
 at 553, 556, ECF No. 103. When Hill testified about the pain and injury he allegedly suffered, he stated numerous times that it was due to "work[ing] unassisted on the third floor,"
 
 id.
 
 at 589-90, so he repeatedly told the jury that the failure to provide him an aide contributed to his pain and suffering,
 
 id.
 
 at 562, 626-27.
 

 In sum, although ARE was granted summary judgment with regard to the failure to provide an aide, the District Court was quite solicitous of Hill in allowing him to present evidence and argument at trial regarding his classroom-aide claim. Under these circumstances, it seems quite plausible that in finding for Hill on the reasonable accommodation claim, the jury took into account any pain and injury Hill suffered due to the failure to provide him with an aide. Indeed, the jury was not
 instructed that the only accommodation request that it could consider was the failure to move Hill to a lower floor; rather, the jury was told simply to recompense Hill if it found in his favor on the failure to accommodate claim, without specifying which particular accommodation to consider.
 
 Id.
 
 at 719, 723-24, ECF No. 104. Further, the jury was instructed that it could award compensatory damages for "
 
 any
 
 physical pain or emotional distress ... that the plaintiff has suffered in the past ... [or] may suffer in the future,"
 
 id.
 
 at 731 (emphasis added). Similarly, the jury was instructed that "[i]f you find for the plaintiff, then you must award the plaintiff a sum of money which will fairly and reasonably compensate him for
 
 all
 
 the damage which he experienced that was proximately caused by the defendant."
 
 Id
 
 . at 730 (emphasis added).
 

 It is well settled that a party "cannot recover the same damages twice, even though the recovery is based on two different theories."
 
 Medina v. District of Columbia
 
 ,
 
 643 F.3d 323
 
 , 326 (D.C. Cir. 2011) (citation omitted). Thus, even if the District Court erred in granting partial summary judgment, Hill is not entitled to a windfall of double damages from a second trial if the jury already compensated him for ARE's failure to provide him an aide in the damages award from the first trial. "[H]e should be made whole for his injuries, not enriched."
 
 Id
 
 . ;
 
 see also
 

 Youren v. Tintic Sch. Dist
 
 .,
 
 343 F.3d 1296
 
 , 1306 (10th Cir. 2003) ;
 
 Tompkins v. Cyr
 
 ,
 
 202 F.3d 770
 
 , 785 (5th Cir. 2000) ;
 
 Bender v. City of New York
 
 ,
 
 78 F.3d 787
 
 , 794 (2d Cir. 1996). It is appropriate to leave it to the District Court to determine, in the first instance, the proper manner to proceed upon remand, including whether the remaining failure to accommodate theory should be dismissed because Hill "has already obtained all the relief available to [him]."
 
 Ridgell-Boltz v. Colvin
 
 ,
 
 565 F. App'x 680
 
 , 684 (10th Cir. 2014).